J-S18038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CHARLES WUNNER | : | |
| | : | |
| Appellant | : | No. 1527 MDA 2019 |

Appeal from the PCRA Order Entered August 21, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003445-2014

BEFORE: KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 12, 2020**

Appellant, William Charles Wunner, appeals from the order entered by

the Court of Common Pleas of Luzerne County ("PCRA Court"), which denied

his request for collateral relief under the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-46. PCRA counsel has filed a no-merit letter and petition

to withdraw under **Turner**/**Finley**.[1] Upon review, we remand to the PCRA

court so that it may provide this panel with the benefit of a Pa.R.A.P. 1925(a)

opinion addressing Appellant's preserved *pro se* issue maintaining trial counsel

rendered ineffective assistance of counsel by failing to object when the

Commonwealth's medical expert opined he believed the victim was sexually

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

assaulted even though the medical examination was not consistent with her narrative.

On December 9, 2014, the Commonwealth charged Appellant with rape of a child, involuntary deviate sexual intercourse, two counts of aggravated indecent assault, endangering the welfare of a child, corruption of minors, indecent assault, and indecent exposure. On January 20, 2016, a jury convicted Appellant on all charges. On April 15, 2016, Appellant was sentenced to an aggregate term of 24 to 48 years' imprisonment. This Court affirmed judgment of sentence in a memorandum decision, ***Commonwealth v. Wunner***, No. 817 MDA 2016, 2017 WL 3379199 (Pa. Super. Ct. Aug. 7, 2017), and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Wunner***, 179 A.3d 439 (Pa. 2018).

On December 10, 2018, Appellant filed *pro se* his first petition for relief under the PCRA. The PCRA court appointed counsel and presided over a PCRA evidentiary hearing, at which Appellant was the sole witness. At the conclusion of the hearing, the court denied Appellant relief. This timely appeal followed.

Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, wherein counsel presented for our review the following issues raised below in Appellant's PCRA petition:

1. [Was] trial counsel ineffective in failing to utilize the expert retained for trial?

2. [Was] trial counsel ineffective with regard to his questioning in preparation for trial?

3. [Did] the trial counsel commit[] errors of law [by] failing to object to evidentiary rulings and by failing to move for mistrial?

*Turner*/*Finley* brief, at 1.

In response to counsel's ***Turner/Finley*** brief, Appellant has submitted a *pro se* brief raising the following issues:

1. [Did] the actions of the PCRA court coupled with PCRA counsel's unwillingness to advocate for Appellant during the PCRA proceedings amount[] to a denial of counsel at a critical stage?

2. [Did] the PCRA court err[] and violate[] Appellant's due process rights when it failed to grant Appellant an extension of time so he could file objections to counsel's motion to withdraw and amend his petition?

3. In considering Appellant's objections to the so-called ***Anders*** brief, does this Court have authority to consider the claim raised in Appellant's timely objections as such claim regarding counsel's ineffectiveness for failure to object to the testimony of Doctor Gary Lawrence when he opined that A.W. was sexually abused when such opinion was predicated on the witness accounts and not physical findings which was an error, as such claim disputes the ***Anders*** brief?

Appellant's *pro se* brief, at 4 (unpaginated).

Before we may consider these issues, we must address whether PCRA counsel has met the requirements of ***Turner/Finley***. For PCRA counsel to withdraw under ***Turner/Finley*** in this Court:

(1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and

advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3) This Court must independently review the record and agree that the appeal is meritless.

*See **Commonwealth v. Widgins***, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting ***Turner***, ***Finley***, ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009), and ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2008), *overruled in part by*, ***Pitts***).

We find that PCRA counsel has complied with ***Turner/Finley***. PCRA counsel has filed both an application to withdraw and a ***Turner/Finley*** no-merit letter. Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.

We now address whether this appeal is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Widgins***, 29 A.3d at 819. As this Court has explained:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

- 4 -

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "*Pierce*[2] test," or the claim fails." *Id*. In other words, "[t]he burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

The first issue in the *Turner/Finley* brief asserts Appellant's position raised below that trial counsel rendered ineffective assistance by failing to use an expert retained for trial. At the evidentiary hearing, however, Appellant could identify neither the expert nor the substance of the expert's opinion.

_____

[2] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

"Where a defendant claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well as an adequate assertion that the substance of the purported testimony would make a difference in the case." *Commonwealth v. Clark*, 961 A.2d 80, 90 (Pa. 2008). The most Appellant could maintain at the evidentiary hearing was his belief there was a "50/50" likelihood that the expert's opinion would have helped him. N.T., 8/21/19, at 5-6. Thus given no meaningful discussion of the expert's opinion or what difference it could have made at Appellant's trial, the PCRA court committed no error in concluding Appellant failed to meet his burden of proving trial counsel's ineffectiveness on this claim.

Appellant's second issue raised in the *Turner/Finley* brief posits that trial counsel was unprepared for trial. In an effort to advance this claim at his evidentiary hearing, Appellant testified that he had only brief conversations with trial counsel over the phone prior to trial. N.T. at 9. This unsubstantiated testimony, however, did not show there existed "a reasonable probability that, but for counsel's unprofessional errors, the result at trial would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012) (quoting *Strickland*, 466 U.S. at 694)). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Id*. Without having included in his testimony any discussion of the alleged weaknesses in the Commonwealth's case and of how trial counsel's failure to tailor an appropriate defense in response deprived him of a reasonable

probability of a better outcome, Appellant cannot now prevail on his second PCRA claim.

Finally, the **Turner/Finley** brief raises the third issue previously raised in Appellant's petition, namely, that trial counsel was ineffective when he failed to object to certain evidentiary rulings and move for mistrial or, in the alternative, request curative instructions. Again, because nothing in Appellant's testimony at the PCRA evidentiary hearing supported this claim, it fails.

Turning to Appellant's *pro se* brief filed in response to counsel's service of the **Turner/Finley** application and no-merit letter, we consider his first assertion that a "conflict of interest" automatically arose between PCRA counsel and him when counsel petitioned for withdrawal under **Turner** and the court denied counsel's request.[3] At that time, Appellant contends, the PCRA court was required to grant Appellant's *pro se* motion for a continuance because of the inherent conflict. **See** N.T. at 2-3. We disagree.

When a court denies an appellate attorney's petition to withdraw under **Turner**, the ordinary course is not to presume the existence of an inherent conflict of interest and remand for appointment of new counsel. Rather, it is to direct counsel to file either a compliant **Turner/Finley** brief to correct deficiencies or, if the court discerns meritorious issues to present on appeal,

---

[3] Specifically, Appellant writes, "the process afforded to [Appellant] during the PCRA proceedings was "presumptively unreliable" because once the Court denied counsel's motion to withdraw, a conflict of interest was created." Appellant's *pro se* brief, at 6 (unpaginated).

to advocate on the client's behalf. *See*, *e.g.*, *Commonwealth v. Flowers*, 113 A.3d 1246 (Pa.Super. 2015) (denying appointed counsel's petition to withdraw under *Anders*, and remanding for counsel to acquire complete record before settling on *Anders* brief or advocate's brief). *See also Commonwealth v. Colon*, No. 422 MDA 2017, 2017 WL 6014426, at *1 (Pa. Super. Dec. 5, 2017) (denying PCRA counsel's petition to withdraw and remanding for PCRA counsel to review full record before filing an advocate's brief or another *Turner*/*Finley* "no-merit" letter); *Commonwealth v. McCarty*, 117 MDA 2015, 2015 WL 7253818 (Pa.Super. Nov. 17, 2015) (denying counsel's request to withdraw and directing counsel to prepare an advocate's brief, as it disagreed with counsel's position that no meritorious issues existed).

As such, Appellant's "inherent conflict" argument is not consonant with the jurisprudence of our courts, which presumes that appointed counsel is effective and remains capable of representing the appellant's legal interests even after having sought unsuccessfully to withdraw from representation. As Appellant directs us to no authority recognizing a pertinent exception to this precept, we reject his argument on this point.

Appellant's remaining argument, however, that trial counsel rendered ineffective assistance by failing to object when the Commonwealth's medical expert testified he believed the victim was sexually abused even though the physical examination was not consistent with the victim's allegations, bears

further inquiry. In this respect, Appellant relies on the Pennsylvania Supreme Court decision in **Commonwealth v. Maconeghy**, 171 A.3d 707 (Pa. 2017).

In **Maconeghy**, the Commonwealth presented a pediatrician as an expert witness, who opined that a child had suffered sexual abuse. Although the pediatrician's physical examination of the child showed no evidence of abuse, he based his opinion on his observation of a forensic interview of the child and his review of other historical information. **Id.** at 708. Our Supreme Court held that "an expert witness may not express an opinion that a particular complainant was a victim of sexual assault based upon witness accounts couched as a history, **at least in the absence of physical evidence of abuse**." **Id.** at 712. (emphasis added). The Court found that "such testimony intrudes into the province of the jury relative to determining credibility." **Id.**

We note that the record establishes Appellant preserved the **Maconeghy** issue for review by raising it first with the PCRA court in his written response to PCRA counsel's motion to withdraw pursuant to **Turner/Finley**. Yet, we are without the benefit of the PCRA court's opinion on this issue, which would aid meaningful appellate review given the PCRA court's unique role in having presided over both Appellant's criminal trial and his PCRA evidentiary hearing.

Accordingly, we remand this matter for the PCRA court's preparation of a Pa.R.A.P. 1925(a) opinion addressing the merits of Appellant's claim that he is entitled to a new trial pursuant to **Maconeghy**. The PCRA court shall file

said opinion within 60 days of receiving this Court's order and the certified record.

Panel jurisdiction is retained. The Prothonotary of this Court is directed to return the record to the Court of Common Pleas of Luzerne County.